Submitted August 20, pursuant to Rule 3.6, Rules of Procedure Relative to Admission, Discipline, Resignation and Reinstatement, accused suspended from practice of law for 90 days, September 15, 1987, and all suspension is stayed provided accused complies with terms of probation for a period of two years

## In re Complaint as to the Conduct of

## JAMES T. FITTING,

*Accused.*

## (OSB 87-4; SC S34404)

742 P2d 609

**PER CURIAM**

## PER CURIAM

We have before us a document entitled "STIPULATION FOR DISCIPLINE."[1] The stipulation is intended by the accused and the Bar to resolve the matters set out in a previous formal complaint by the Bar against the accused.

The formal complaint filed against the accused contains only one cause. It alleged that certain conduct by the accused violated two disciplinary rules. The accused has denied a part of the allegations but stipulated that the balance of the facts contained in the formal complaint are true and accurate and that he violated former DR 6-101(A)(3) (now DR 6-101(B)): "A lawyer shall not neglect a legal matter entrusted to the lawyer." The Bar has stipulated that it will withdraw its charge against the accused under the other disciplinary rule.

The remaining facts contained in the formal complaint and stipulated by the parties all concern the accused's representation of Johnny L. Gamenara. Over a number of years Gamenara had invested money with a stockbroker. The investments proved to be unsuccessful and Gamenara consulted with the accused to determine if he had any legal recourse. The accused filed a lawsuit on behalf of Gamenara in the United States District Court against two brokerage houses and the stockbroker.

The District Court dismissed Gamenara's lawsuit with prejudice on the grounds that he had failed to pursue his case and had failed to file a required pretrial order. The defendants then moved for sanctions against the accused and Gamenara under Federal Rules of Civil Procedure 11 and 16(f). The District Court entered an order finding that the defendants were entitled both to costs and attorney fees against the accused and Gamenara because the action was frivolous and reasonable inquiry would have revealed that conclusion and because they had failed reasonably to pursue

---

[1] The form of the stipulation raises one of the same problems that we considered in our recent case of *In re Harris*, 304 Or 43, 741 P2d 890 (1987). The stipulation is signed only by the accused. See BR 3.6(c)(ii). In *Harris* we used the Bar's cover letter to help satisfy the requirements of BR 3.6(c)(ii) but stated that "we believe that it would be better * * * that a stipulation be a two-party instrument." 304 Or at 46. Here we can find no help from the Bar's cover letter, but we find from the general tenor of the "STIPULATION FOR DISCIPLINE" that it was intended to be a two-party document and hold that the requirements of BR 3.6(c)(ii) are satisfied.

the action to a proper resolution. A judgment was entered allowing total attorney fees and costs in the sum of $12,869.15. The accused and Gamenara each were required to pay one-half of the judgment.

The stipulation states that at that time the accused was suspended from the practice of law for failing to pay his Professional Liability Assessment and his Oregon State Bar dues.[2]

The stipulation also states that the accused has provided the Bar with sufficient information to establish that he was undergoing emotional difficulties and depression during the Gamenara case and that these circumstances interfered with his ability and clouded his judgment. The accused has no prior record of reprimands, suspensions or disbarment.

It was stipulated that the accused be suspended from the practice of law for a period of 90 days with all of the 90-day suspension stayed subject to the accused's compliance with probation for two years following his reinstatement to practice law pursuant to BR 8.1 - 8.3. The stipulated terms of probation are:

"1.    The Accused shall provide the Bar, no later than 30 days after the approval of the Accused's reinstatement to the practice of law pursuant to Rules of Procedure 8.1 - 8.3, a written report from a physician or a psychiatrist of the Accused's choice, and at his expense, providing the Bar with a detailed description of the doctor's diagnosis and prognosis concerning the Accused's psychiatric problems and depression. The Accused waives any claim of physician/patient privilege regarding the reports submitted to the Bar pursuant to this stipulation. The Accused agrees to comply with the advice of his physician and/or psychiatrist and to avoid the deterioration of his mental or physical condition to the point his mental or physical condition impairs his ability to competently and ethically practice law.

"2.    The Bar shall have the authority to report, with notice to the Accused, to the Oregon Supreme Court the Accused's alleged non-compliance with any provision of the foregoing

---

[2] The stipulation also provides that the accused "understands that the sanction imposed in this case shall not become effective until he has been reinstated to the active practice of law pursuant to the terms of Rules of Procedure 8.1.-8.3. *See In re Leubke,* 301 Or 321, 722 P2d 1221 (1986)."

terms of probation. The Oregon Supreme Court, upon receipt of any such report from the Bar and any response the Accused may file with the Court, may take summary action to impose any or all of the suspension which has been stayed on finding the Accused has failed to comply with any term of probation."

This court approves the stipulation and the sanction.

The accused is suspended from the practice of law for a period of 90 days. All of the suspension is stayed provided the accused complies with the terms of probation set forth in this opinion for a period of two years. The sanction imposed shall not become effective until the accused has been reinstated to the active practice of law pursuant to the terms of BR 8.1-8.3 from his current suspension for failure to pay his Professional Liability Fund assessment and bar membership dues. If the reinstatement takes place prior to the effective date of this opinion then the sanction will be effective on that date.